IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **MARIA ADELA GUARDADO,** | * | |
| Plaintiff | * | |
| v. | * | Civil No.: **PJM 16-3983** |
| **UNICORN CLEANING CO., INC., ET AL.,** | * | |
| Defendants | * | |

## MEMORANDUM OPINION

Maria Adela Guardado ("Plaintiff") has brought suit against Unicorn Cleaning Company ("Unicorn") and Rosa Ivette Clabaugh (formerly Vasquez) ("Defendants"), alleging violations of the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 *et seq.*, the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 *et seq.*, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.* Plaintiff and Defendants have now reached a settlement and ask for the Court to approve the settlement and dismiss with prejudice all claims in the Complaint. For the reasons that follow, the Court **GRANTS** the Joint Motion for Settlement and Dismissal Without Prejudice, ECF No. 10, and **DISMISSES WITH PREJUDICE** all counts of the Complaint, ECF No. 1, as to both Defendants.

**I.**

Factual and Procedural Background

Unicorn is a commercial and residential cleaning company owned by Clabaugh that operates and does business in Maryland. ECF No. 1 ¶¶ 4, 5. Plaintiff worked as a cleaning

- 1 -

laborer for Unicorn from approximately October 21, 2013 through September 15, 2016. ECF No. 1 ¶ 17.

Plaintiff filed a Complaint on December 13, 2016, alleging that during the time of her employment, she was paid at an hourly rate of $6.00 and $7.00, rates below Maryland's minimum wage of $7.25 as of January 1, 2013. *Id.* ¶ 18. She also alleges that she worked approximately fifty (50) hours per week and was never compensated at the required overtime rate for those hours worked over forty hours. *Id.* ¶ 19. On August 7, 2017, before Defendants filed responsive pleadings, the parties filed a Joint Motion for Approval of Settlement and Dismissal with Prejudice, ECF No. 10.

## II.

### Standard of Review

Congress enacted the FLSA to protect workers from the poor wages and long hours that may result from the significant inequalities in bargaining power between employers and employees. To that end, the statute's provisions are mandatory and generally not subject to bargaining, waiver, or modification by contract or settlement. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). Court-approved settlement is an exception to that rule, "provided that the settlement reflects a 'reasonable compromise of disputed issues' rather than 'a mere waiver of statutory rights brought about by an employer's overreaching.'" *Saman v. LBDP, Inc.*, No. DKC 12–1083, 2013 WL 2949047, at *2 (D. Md. June 13, 2013) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1354 (11th Cir. 1982)).

In reviewing FLSA settlements for approval, "district courts in this circuit typically employ the considerations set forth by the Eleventh Circuit in *Lynn's Food Stores*." *Beam v. Dillon's Bus Serv., Inc.*, No. DKC 14–3838, 2015 WL 4065036, at *3 (D. Md. July 1, 2015)

(citing *Hoffman v. First Student, Inc.*, No. WDQ-06-1882, 2010 WL 1176641, at *2 (D. Md. Mar. 23, 2010)); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010)). The settlement must reflect a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Beam*, 2015 WL 4065036, at *3 (quoting *Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982)). The court considers (1) whether there are FLSA issues actually in dispute, (2) the fairness and reasonableness of the settlement, and (3) the reasonableness of the attorneys' fees, if included in the agreement. *Id.*

### III.

#### Bona Fide Dispute

In deciding whether a *bona fide* dispute exists as to a defendant's liability under the FLSA, the court examines the pleadings in the case, along with the representations and recitals in the proposed settlement agreement. *See Lomascolo v. Parsons Brinckerhoff, Inc., et al.*, No. 1:08CV1310 (AJT/JFA), 2009 WL 3094955 at *16-17 (E.D. Va. Sept. 28, 2009).

In this case, the parties dispute the individual liability of Defendant Clabaugh. Plaintiff argues that Clabaugh can be held liable because she had economic control over the employment relationship. *Ford v. Karpathoes, Inc.*, No. ELH–14–00824, 2014 WL 6621997 at *3 (D. Md. Nov. 20, 2014) ("Generally, where an individual exercises control over the nature and structure of the employment relationship, or economic control over the relationship, that individual is an employer within the meaning of the FLSA and is subject to liability.") (quotation and citation omitted). Specifically, Plaintiff alleges that Clabaugh had such control because she owned Unicorn, had the power to hire, fire, suspend, and discipline Plaintiff, and directly or indirectly

set and controlled her work schedule and pay. ECF No. 1 ¶¶ 5, 10-14. Defendants dispute these facts.

The parties also dispute the total numbers of overtime hours Plaintiff worked and Plaintiff's status as an employee of Unicorn.

The parties thus stipulate, and the Court finds, that a *bona fide* dispute exists as to Defendants' liability under the FLSA, the resolution of which would require further factual development and rulings of law.

### IV.

### Fairness and Reasonableness

If a *bona fide* dispute is found to exist, the court must then evaluate the fairness and reasonableness of the settlement based on the following factors:

> (1) The extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense, and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955, at *10 (quoting *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir.1975)). Having reviewed the parties' submissions and after considering the relevant factors enumerated by the *Lomascolo* court, the Court concludes that the proposed settlement is a fair and reasonable resolution of the parties' *bona fide* dispute.

The extent of the discovery that has taken place is important to the Court because "it ordinarily assures sufficient development of the facts to permit a reasonable judgment on the possible merits of the case." *Flinn v. FMC Corp.*, 528 F.2d 1169, 1173 (4th Cir. 1975). However, parties may settle an FLSA case at an early stage, before discovery, provided that the plaintiff

has had sufficient opportunity to evaluate the viability of claims and the potential range of recovery. *Saman*, 2013 WL 2949047, at *4.

In this case, formal discovery has not yet begun. However, in investigating settlement possibilities, Plaintiff's counsel reviewed employment records provided by Unicorn and discussed such records with Plaintiff. ECF No. 10-2 at 4-5. This limited discovery gave both parties an approximate idea of how much Plaintiff worked, which allowed them to estimate the potential damages in the case and permit "a reasonable judgment on the possible merits of the case." Flinn, 528 F.2d at 1173; *see also Saman*, 2013 WL 2949047, at *4 ("[a]lthough the parties agreed to settle at an early stage in the proceedings and before conducting any formal discovery, they represent that Defendants produced payroll records in connection with mediation and that all counsel are 'satisfied that they have had ample opportunity to evaluate and consider the viability of claims and defenses raised in this case.'") (internal citations omitted). This suggests that the settlement is fair and reasonable.

Similarly, though the proceedings are still in their early stages, their expected expense and duration militate towards approving the proposed settlement. The parties are aware that a significant factual investigation, including depositions of Plaintiff and former co-workers, would be needed to substantiate Plaintiff's claims of hours worked and wage rates. ECF No. 10 at 3. Given that Defendants have demonstrated to Plaintiff an inability to satisfy a judgment should Plaintiff prevail in her lawsuit, the parties have agreed to resolve this matter expeditiously in order to avoid the cost and time of litigation. *Id.*

In addition, the parties note that there is no claim or indication of fraud or collusion in the settlement, which suggests that the settlement is fair and reasonable. *Id.* at 4.

The Court also finds that Plaintiff's Counsel are experienced and competent. For example, Jonathan F. Lieberman, Esq., one of Plaintiff's counsel, focuses his practice on personal injury and employment law and has handled such cases through trial and appeal. *Id.* at 4. He has also spoken to trade groups regarding employment issues. *Id.* Plaintiff is also represented by Mary Lombardo, Esq., who has been actively practicing law for over fifteen years and has also spoken to trade groups regarding employment issues.

Finally, as to the probability of Plaintiff's success on the merits and the amount of the settlement in relation to the potential recovery, the Court is satisfied, after considering Plaintiff's burden to produce sufficient documentary evidence of hours worked and her obstacles in recovering a full monetary judgment from the Defendants, that the settlement of Plaintiff's claims is fair and reasonable.

## V.

### Attorneys' Fees

The FLSA provides that "in addition to any judgment awarded to the plaintiff or plaintiffs," the Court must "allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The reasonableness of the fee award proposed in an FLSA settlement must be independently assessed, regardless of whether there is any suggestion that a "conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Lane v. Ko-Me, LLC*, No. 10-2261, 2011 WL 3880427, at *3 (D. Md. Aug. 31, 2011) (quoting *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1243 (M.D. Fla. 2010)). In making that assessment, courts typically use the principles of the traditional lodestar method as a guide. *Id.* (citing cases).

The lodestar amount is the "reasonable hourly rate multiplied by hours reasonably expended." *Grissom v. Mills Corp.*, 549 F.3d 313, 320 (4th Cir. 2008). An hourly rate is reasonable if it is "in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d 404, 412 (D. Md. 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 890 n.11 (1984)). In Appendix B to its Local Rules, this Court has established rates that are deemed reasonable for lodestar calculations. *Id.* (citing *Poole ex rel. Elliott v. Textron, Inc.*, 192 F.R.D. 494, 509 (D. Md. 2000)). Plaintiffs are expected to provide all documentation necessary for the Court to make a lodestar determination as to the hours reasonably expended, including but not limited to declarations establishing the hours expended by counsel, broken down for each task performed. *Saman*, 2013 WL 2949047, at *7; Local Rule 109.2; Appendix B to the Local Rules.

Plaintiff's counsel, Mary Craine Lombardo, Esq., has been practicing law since 1999. She is admitted to practice in state and federal courts in Maryland, the District of Columbia, Virginia, Pennsylvania, and New Jersey (inactive). Lombardo's colleague, Jonathan F. Lieberman, Esq., who handled the initial intake of the matter, was also admitted to the bar in 1999 and is admitted in state and federal courts in Maryland, the District of Columbia, and Virginia. Lombardo and Lieberman worked with a junior associate, Eduardo Garcia, an attorney with three years of experience who primarily handled the case once the Complaint was filed. Moreover, certain tasks in this case were delegated to paralegals and appropriate support staff.

Per Appendix B, lawyers admitted to the bar for fifteen (15) to nineteen (19) years may reasonably bill $275-425 per hour, and those admitted to the bar for less than five (5) years may reasonably bill $150-225. Paralegals and law clerks may reasonably bill $95-150 per hour.

Counsel for Plaintiff filed sufficient documentation of the fees and costs incurred in the form of a detailed billing statement. This statement indicates that counsel billed 22.6 hours total on this matter, and also specifies the hours billed by each professional. At their hourly rates, Ms. Lombardo incurred $954.00 in fees for 2.1 hours of work (averaging about $454 per hour), Mr. Lieberman incurred $1,364.00 in fees for 3.1 hours of work (averaging about $440 per hour), and Mr. Garcia incurred $2,933.00 in fees for 9.1 hours of work (averaging about $322 per hour). Support staff (including paralegals) billed $1,447.50 in fees for 8.3 hours of work (averaging about $174 per hour). Counsel for Plaintiff also incurred $475 in costs. The total in attorneys' fees and costs thus amounts to $7,174.00. However, Plaintiff's counsel, in the interest of reaching a settlement, agreed to reduce the attorneys' fee award by $2,699 to $4,475.00.

The Court, in its discretion, is satisfied that the settlement allocation of $4,475.00 for attorneys' fees and costs is reasonable despite the average billing rates for Plaintiff's counsel being above those provided by the Local Rules. Using the rates provided in Appendix B, the Court calculates that Plaintiff's counsel would be entitled to $5,501.00, $1,026 more than the settlement allocation. Accordingly, and in light of the speedy resolution of the case, the Court finds the attorney fee award in the proposed settlement to be reasonable.

## VI.

## Conclusion

For the foregoing reasons:

The Joint Motion for Approval of Settlement and Dismissal with Prejudice, ECF No. 10, is **GRANTED** and the Complaint, ECF No. 1, is **DISMISSED WITH PREJUDICE**;

**FINAL JUDGMENT** is awarded in favor of Maria Adela Guardada and against Defendants in the amount of $4025.00;

**FINAL JUDGMENT** for attorneys' fees in the amount of $4,475.00 is **ENTERED** in favor of Plaintiffs' counsel and against Defendants;

A separate Order will **ISSUE**.

/s/
PETER J. MESSITTE
UNITED STATES DISTRICT JUDGE

**August 30, 2017**